MARTÍNEZ, PETITIONER, *v.* SOTO NUSSA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of Aguadilla in an Action for the Execution of a Deed.

No. 163.—Decided July 3, 1916.

CERTIORARI—DOCUMENTS UPON WHICH ACTION IS BROUGHT—EVIDENCE—STRIKING OUT—AMENDED COMPLAINT.—When documents are copied into a complaint and the court holds that they are not instruments upon which the action

is based, as provided by section 119 of the Code of Civil Procedure, but only a means of proving the same, an order sustaining a motion to strike-out is not reviewable by certiorari.

The facts are stated in the opinion.

The petitioner appeared *pro se.*

The respondent did not appear.

Mr. Justice Wolf delivered the opinion of the court.

The petitioner in the court below filed a complaint wherein he transcribed certain documents and letters. The defendant moved to strike (*eliminar*) and the court below granted the motion on the ground that the documents transcribed were not the basis of the action, but only the evidence to prove the same, ordering the complainant to amend and giving him five days to cure the defects, in other words, the right to amend. Generally, the complainant should not be ordered to amend but given permission, but this irregularity is not the subject of this petition.

Where matters of evidence are improperly included in a complaint the proper way to remedy the situation produced is by motion to strike. An inspection of the petition tends to convince us that all or most of the documents transcribed were matters of evidence and not documents similar to deeds, notes and other contracts to which section 119 of the Code of Civil Procedure refers. Even if some of the letters did constitute the contract on which the cause of action was founded, nevertheless we do not think that the order of the court is reviewable by certiorari, and if we had any doubt we should still exercise our discretion to refuse the writ. The error complained of at best is one of appreciation; namely, whether the complaint did or did not contain impertinent or superfluous matter. There was no error of procedure and nothing appears in the facts recited in the petition to indicate that any supposed error could not have been reviewed by appeal. We are far from suggesting that an appeal would prosper from a final judgment which the peti-

tioner would have had a right to pray if he did not elect to amend.

The writ must be

*Denied.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.

A motion for reconsideration was overruled on July 11, 1916.